Insurance Commissioner
ACCEPTED SOP
JAN 10 2022
TIME: 10am

IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SNOHOMISH

| | |
|---|---|
| HRISTO "CHRIS" GOCHEV, a married individual, & KAISER ENTERPRISES, LLC,<br><br>Plaintiff<br><br>v.<br><br>FIRST AMERICAN PROPERTY & CASUALTY INSURANCE COMPANY,<br>Defendants. | No.<br><br>COMPLAINT FOR BREACH OF CONTRACT; INSRUANCE BAD FAITH' CONSUMER PROTECTION ACT VIOLATION; VIOLATIONS OF INSRUANCE FAIR CONDUCT ACT<br><br>(Clerk's Action Required) |

**COME NOW** the Plaintiff Hristo Gochev, also known as Chris Gochev, and Kaiser Enterprise, LLC, by and through his attorney, Ray Brooks, of Brooks Law Firm, and complains and alleges against the above-named Defendants as follows:

I. **PARTIES, JURISDICTION AND VENUE**

COMPLAINT FOR DAMAGES - 1

BROOKS LAW FIRM
8201 164TH AVE. NE. SUITE 200
REDMOND, WA 98052
(425) 296 9025  FAX (425) 296 4969

1.1     Plaintiffs Hristo Gochev, was, at all times relevant and material to this Complaint, a resident of King County, Washington, as was also Kaiser Enterprises, LLC.

1.2     Defendant First American Property and Casualty Insurance Company is a foreign insurer doing business in Washington State.

1.3     At all times material hereto, Plaintiffs was insured by the Defendants through an insurance policy, specifically, under **policy number WAPH 145937.** Under the terms of these policies Plaintiffs had coverage for theft losses under the policies.

1.4     Pursuant to Washington law, including RCW 43.30, *et seq,* Washington Courts have authority to hear claims by an insured against its insurer for breach of an insurance contract and insurer bad faith.

1.5     Jurisdiction exists over defendant First American Property and Casualty Insurance Company as it was doing business in and conducts business in this County.

## II. FACTS OF THE LOSS

2.1     Plaintiffs damages arise from a theft loss that occurred on or about January 12, 2021. On or near that date, the plaintiff's suffered when a large windstorm came up and blew over trees from an adjoining lot. Plaintiffs reported the loss to the Defendant.

2.2     Defendant then failed to timely adjust the loss, failed to adequately and promptly investigate the loss, and unreasonable delayed payment. Defendant also demanded numerous materials that it did not need to adjust the loss in order to increase plaintiff's cost and legal fees. The defendant also refused to help or adequately answer quests from plaintiff or his representatives, and insisted on conducting an examination under oath in order to delay and drag out payment. Defendant committed numerous other acts and acts of omission, and plaintiff reserved the right to present all to court, as such will show contact that is a violation of its duties to plaintiff. Plaintiff also reserves the right to claim any underpayment or non-payment as may be born out by the later facts.

## III. FACTS ENTITLING PLAINTIFF TO RELIEF

3.1     The Plaintiff presented a claim under the policy that they have carried defendant.

3.2     Allstate only processed part of the claims and only under one of the policies and have failed to pay all that is owed under both policies.

3.3.    Defendant failed to promptly investigate said claims, as set out above, and as a result the unreasonable delay caused loss to plaintiff.

3.4.    Defendant committed numerous other acts and failed to process the claims, misrepresented terms of the policy, and has not timely responded to requests for information, and many other acts of commission and omissions, which plaintiff reserves the right to present as discovery may show at trial.

## IV.    FIRST CAUSE OF ACTION: BREACH OF CONTRACT

4.1    Plaintiffs reallege paragraphs 1.1 through 3.5 as if fully set forth herein.

4.2    The Defendants had a contractual duty to its insured, Plaintiffs, under the policy to provide coverage for their damages up to the policy limit on each policy.

4.3    The Defendants also had a duty to its insured, Plaintiffs, to act reasonably and in good faith in the investigation and adjustment of their insurance claims, pursuant to the terms of the insurance contract between the parties.

4.4    The Defendants breached its contract of insurance by failing in its obligations to Plaintiffs under its policy.

## V.    SECOND CAUSE OF ACTION: VIOLATIONS OF THE WASHINGTON ADMINISTRATIVE CODE

5.1    Plaintiffs re-allege paragraphs 1.1 through 4.4 as if fully set forth herein.

5.2    The Defendants' acts and omissions constitute multiple violations of the insurance regulatory provisions of the Washington Administrative Code ("WAC").

5.3    The Defendants breached the Washington Administrative Code in a number of ways including, but not limited to, failing to reasonably respond, investigate or acknowledge pertinent communications regarding the claim.

## VI.    THIRD CAUSE OF ACTION:

## VIOLATIONS OF THE CONSUMER PROTECTION ACT

6.1     Plaintiffs re-allege paragraphs 1.1 through 5.3 as if fully set forth herein.

6.2     The Defendants' violations of the Washington Administrative Code and other unreasonable actions, as alleged herein, harmed plaintiffs and constitute per se violations of RCW 19.86 *et seq.*, the Consumer Protection Act.

6.3     The Defendants' bad faith conduct, as alleged herein, also constitutes violation of RCW 19.86, *et seq.*, the Consumer Protection Act.

## VII.    FOURTH CAUSE OF ACTION: INSURANCE BAD FAITH

7.1     Plaintiffs re-allege paragraphs 1.1 through 6.3 as if fully set forth herein.

7.2     The Defendants had a duty to act in good faith in the investigation and adjustment of plaintiffs' insurance claims.

7.3     The Defendants also had a duty to treat plaintiffs' interests equal with its own during the investigation and adjustment of their insurance claims.

7.4     The Defendants' acts and omissions, as described above, constitute a breach of its duty of good faith in violation of Washington statutory and decisional law. Such bad faith is also a violation of the Washington Consumer Protection Act, RCW 19.86, *et seq.*

## VIII.   FIFTH CAUSE OF ACTION: VIOLATION OF INSURANCE FAIR CONDUCT ACT

8.1     Plaintiffs incorporate by reference the allegations contained in paragraph 1.1 through 7.4 of this Complaint as if fully set forth herein.

8.2     Plaintiffs are a first-party claimants to a policy of insurance.

8.3     Plaintiffs suffered a loss under the policy.

8.4 The Defendants violated the standards for acknowledgment of pertinent communication in failing to provide a certified copy of Plaintiffs' insurance policy despite repeated requests.

8.5 The Defendants misrepresented policy provisions.

8.6 Over 20 days prior to filing suit, plaintiffs provided written notice of the basis for their IFCA cause of action to the Office of the Washington State Insurance Commissioner and defendant, as required by RCW 48.30.015.

8.7 The Defendants failed to respond to the IFCA complaints and otherwise failed to resolve the basis for plaintiffs' IFCA action within the twenty day period specified by the statute after its receipt of written notice and otherwise failed to respond to the IFCA Complaint.

8.8 The Defendants' unreasonable failure to resolve plaintiffs' claims in response to the aforementioned written notice, as required by RCW 48.30.015, constitutes a violation of IFCA, RCW 48.30.015, *et seq*.

8.9 As a result of the Defendants' IFCA violations, plaintiffs have sustained actual damages in an amount to be proven at the time of trial. In addition, plaintiffs have sustained additional damages for their attorneys' fees and costs as a result of the wrongful and unreasonable acts of defendant. Accordingly, plaintiffs are entitled to recovery of these sums under RCW 48.30.015(1).

## IX. SIXTH CAUSE OF ACTION: VIOLATION OF INSURANCE FAIR CONDUCT ACT: TREBLE DAMAGES.

9.1 Plaintiffs incorporate by reference the allegations contained in paragraph 1.1 through 8.9 of this Complaint as if fully set forth herein.

9.2 The Defendants breached the Washington Administrative Code in a number of ways, including, but not limited to, (1) failing to fully disclose all pertinent benefits, coverage or other provisions of the policy, (2) failing to reasonably respond, investigate, or acknowledge pertinent communications regarding the claim, (3) misrepresenting policy provisions, and (4) not paying what was owed under the policy. Accordingly, the Defendants have violated WAC 284-30-330, WAC 284-30-350, and WAC 284-30-360.

COMPLAINT FOR DAMAGES - 5

BROOKS LAW FIRM
8201 164TH AVE. NE. SUITE 200
REDMOND, WA 98052
(425) 296 9025   FAX (425) 296 4969

9.3     Having acted unreasonably in withholding benefits from plaintiffs, and having violated WAC 284-30-330, WAC 284-30-350, and WAC 284-30-360, plaintiffs are entitled to treble damages under RCW 48.30.015.

9.4.    Prior to filing suit, plaintiffs served a notice under the Insurance Fair Conduct Act, and over 20 days have expired.

## X.    DAMAGES

10.1    Plaintiffs incorporate by reference the allegations contained in paragraph 1.1 through 9.4 of this Complaint as if fully set forth herein.

10.2    As a direct and proximate result of the foregoing described acts and conduct of the defendant, plaintiffs have suffered, and continue to suffer, special and general damages in an amount to be proven at trial.

WHEREFORE, plaintiffs pray for the following relief against defendant Allstate Insurance Company:

1. Judgment against defendants for breach of contract;
2. Judgment against defendants for violations of the Washington Administrative Code 284-30-330 *et seq.*;
3. Judgment against defendants for violations of the Consumer Protection Act, RCW 19.86 *et seq.*;
4. Judgment against defendants for insurance bad faith;
5. Judgment against defendants for violation of the Insurance Fair Conduct Act, RCW 48.30.015 *et seq.*;
6. Judgment against defendants in an amount to fairly compensate plaintiffs for their special and general damages;
7. An award of compensatory and exemplary damages pursuant to RCW 19.86, *et seq.*;
8. An award of plaintiffs' actual damages sustained, including reasonable attorneys' fees and litigation costs pursuant to RCW 48.30.015(1);
9. An award of treble damages for defendants' unreasonable denial of payment of benefits pursuant to RCW 48.30.015(2);

10. Judgment against defendants for plaintiffs' reasonable attorneys' fees, actual and statutory litigation costs, including expert witness fees, as allowed by law, including, but not limited to, RCW 19.86, *et seq.*, RCW 48.30.015 *et seq.*, and *Olympic Steamship v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991).

11. For such other and further relief as the Court deems just and equitable.

Dated this **January 7, 2022.**

BROOKS LAW FIRM

By _____

Ray C. Brooks, WSBA No. 37768

Attorney for Plaintiffs