UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HRISTO GOCHEV, *et al.*, | Case No. C22-159-MLP |
| Plaintiffs, | |
| v. | ORDER RE: MOTIONS IN LIMINE |
| FIRST AMERICAN PROPERTY AND CASUALTY INSURANCE CO., | |
| Defendant. | |

This matter is before the Court on Plaintiffs' Motions in Limine (dkt. # 32) and Defendant's Motions in Limine (dkt. # 33). Both parties filed responses. (Dkt. ## 35, 38.) On October 12, 2023, the Court heard oral argument from the parties. (Dkt. # 52.)

Having considered the parties' submissions, oral argument, the balance of the record, and the governing law, the Court ORDERS that: (1) Plaintiffs' Motions in Limine (dkt. # 32) are GRANTED in part, and DENIED in part, and RESERVED in part; and (2) Defendant's Motions in Limine (dkt. # 33) are GRANTED in part, DENIED in part, and RESERVED in part, for the reasons previously stated on the record (dkt. # 50) and memorialized as follows:

\\

\\

ORDER RE: MOTIONS IN LIMINE - 1

**A.     Plaintiffs' Motions in Limine**

Plaintiffs' Motion in Limine No. 1: "Experts Not Named" is GRANTED. First American has not designated any experts to testify.

Plaintiffs' Motion in Limine No. 2: "Other Lawsuits or Claims or Injuries" is DENIED as withdrawn by Plaintiffs.

Plaintiffs' Motion in Limine No. 3: "Effects on Insurance Rates or Premiums" is GRANTED as stipulated by the parties.

Plaintiffs' Motion in Limine No. 4: "Residence of Experts and Counsel" is GRANTED as stipulated by the parties.

Plaintiffs' Motion in Limine No. 5: "Failure to Hire or Call Expert Witnesses" is GRANTED as stipulated by the parties.

Plaintiffs' Motion in Limine No. 6: "Failure to Call Witnesses" is RESERVED.

Plaintiffs' Motion in Limine No. 7: "Prior Settlement Negotiations" is GRANTED as stipulated by the parties.

Plaintiffs' Motion in Limine No. 8: "Attacking the Character of Witnesses Including Plaintiff" is GRANTED as stipulated by the parties.

Plaintiffs' Motion in Limine No. 9: "Plaintiff is Greedy, Exaggerating, or Fabricating his Injuries" is RESERVED.

Plaintiffs' Motion in Limine No. 10: "Any Claim that Plaintiff or his Counsel Contributed to Prolong Claim" is DENIED. Plaintiffs' conduct, and any attributable delay to Plaintiffs, is relevant to the reasonableness of First American's investigation and claims handling.

Plaintiffs' Motion in Limine No. 11: "Any Use of the Actions or Statements of Plaintiff or his Counsel in Another Case" is GRANTED as to Plaintiffs' counsel but DENIED as to Plaintiffs. First American is permitted to impeach Plaintiffs with prior inconsistent statements or other crimes, wrongs, or acts if set forth for an appropriate purpose. *See* Fed. R. Evid. 404(b), 613.

B. **Defendant's Motions in Limine**

Defendant's Motion in Limine No. 1: "Exclude Testimony of Stephen L. Strzelec" is DENIED. Defendant failed to file a *Daubert* motion to strike Mr. Strzelec's testimony by the Court's deadline of August 14, 2023. (*See* dkt. # 18.) However, while Mr. Strzelec may testify that First American's claims handling deviated from industry standards on the issue of bad faith in this case, he may not offer any opinions or conclusions that First American's actions were done in bad faith. *See* Fed. R. Evid. 704.

Defendant's Motion in Limine No. 2: "No Evidence of Damages Not Previously Disclosed in Litigation" is GRANTED as stipulated by the parties.

Defendant's Motion in Limine No. 3: "Plaintiff Cannot Disavow Statements Made by Public Adjuster" is RESERVED.

Defendant's Motion in Limine No. 4: "Re: 'Golden Rule' or 'Send a Message' Argument" is GRANTED as stipulated by the parties.

Defendant's Motion in Limine No. 5: "Exclusion of Non-Party Witnesses from Courtroom during Trial" is GRANTED as stipulated by the parties.

Defendant's Motion in Limine No. 6: "All Evidence Relating to Attorney's Fees and Costs" is GRANTED as stipulated by the parties.

1   Defendant's Motion in Limine No. 7: "No Reference to Emotional Distress Damages
2   under the Washington Consumer Protection Act" is GRANTED with respect to such reference to
3   Plaintiffs' Washington Consumer Protection Act claim. However, Plaintiff may reference
4   noneconomic damages with respect to his Insurance Fair Conduct Act claim. *See Beasley v.*
5   *GEICO Gen. Ins. Co.*, 23 Wn. App. 2d 641, 666 (Wash. Ct. App. 2022), *review denied*, 200
6   Wn.2d 1028 (Wash. 2023).

7   Dated this 13th day of October, 2023.

                                    MICHELLE L. PETERSON
                                    United States Magistrate Judge